United States District Court
Southern District of Texas
ENTERED
September 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| EUSEBIO BAUTISTA-DIAZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-313 |
| | § | |
| OSCAR LUNA[1] *et al.* | § | |

**ORDER**

Petitioner filed a Federal Rule of Civil Procedure 41(a)(1)(A)(i) notice of dismissal (Dkt. No. 8). Finding cause to do so, the Court **LIFTS** the stay and **VACATES** its previous order (Dkt. No. 7).

"Rule 41(a)(1)(A)(i) grants [a petitioner] an absolute right to dismiss his lawsuit before the defendant has filed an answer or a summary judgment motion." *Creppel v. Cashio*, No. 24-30191, 2025 WL 2491131, at *1 (5th Cir. Aug. 29, 2025) (quoting *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 343 (5th Cir. 2019)); *see also* Fed. R. Civ. P. 81(a)(4); *see also Williams v. Clarke*, 82 F.3d 270, 272–73 (8th Cir. 1996) (finding that the previous version of Rule 41(a)(1) was consistent with the habeas rules). Unless otherwise provided, these dismissals operate without prejudice. Fed. R. Civ. P. 41(a)(1)(B), (a)(2). Rule 41(a)(1)(A)(i) dismissals are subject to limitations in class action suits, shareholder derivative suits, and suits where the Court has appointed a receiver. *See* Fed. R. Civ. P. 41(a)(1)(A).

None of those limitations apply. Further, Respondents have neither answered, nor filed a motion for summary judgment. Petitioner's "self-effectuating" Rule 41(a)(1)(A)(i)

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. Markwayne Mullin is automatically substituted for Respondent Kristi Noem under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

notice dismissed his claims against Respondents. *See Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (quoting *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)); *see also Xinastle v. De Anda-Ybarra*, No. EP-26-CV-00079-DCG, 2026 WL 852079, at *1 n.1 (W.D. Tex. Mar. 23, 2026) (citations omitted).

Accordingly, Petitioner's Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE** (Dkt. No. 1). Petitioner's Motion to Grant the Petition on the Merits and for Summary Judgment (Dkt. No. 6) is **DENIED AS MOOT**. Because no claim remains pending in this case, the Clerk of Court is **DIRECTED** to **TERMINATE** this civil action.

It is so **ORDERED**.

**SIGNED** September 1, 2026.

Marina Garcia Marmolejo
United States District Judge